IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH HOWTON and ELAINE WHALING, )
)
    Plaintiffs )
) No. 04 C 8349
    v. )
) The Honorable William J. Hibbler
WINNEBAGO IND., INC. and BERNARD )
    CHEVROLET, INC., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kenneth Howton and Elaine Whaling purchased a new 2003 Winnebago Journey recreational vehicle. When the motorhome needed numerous repairs over the first few months of its life, the Plaintiffs sued the manufacturer, Winnebago Industries, and the seller, Bernard Chevrolet, in the Circuit Court of Cook County, Illinois. Winnebago removed the case to this Court, and has filed a motion to dismiss Counts I-IV and VI-VIII against it.

Plaintiffs first argue that jurisdiction is not proper in this Court because the total amount of their claims does not meet the jurisdictional amount set forth in the Magnusson-Moss Warranty Act, 15 U.S.C. § 2310(d)(3). The amount in controversy for a Magnusson-Moss Warranty Act claim equals "the difference between the price of the new car and the worth of the allegedly defective car, reduced by his beneficial use of the defective car." *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004). At the time the case was removed, the motorhome, had a fair market value of $121,980 to $156,000 — or up to $31,127 less than the purchase price of the vehicle. Plaintiffs also state that actual damages include $12,381 in loan interest charges, $3,198 for an extended service

contract, and $2,500 for electrical & pneumatic towing hookup. Plaintiffs also claim $1,720 in incidental damages, mostly in mileage costs in taking the vehicle to an authorized Winnebago repair facility. These itemized damages exceed $50,000, and although this amount would be reduced by the "beneficial use of the defective" vehicle, it does not include consequential damages the Plaintiffs claimed to have incurred, such as a deferred selling of their home and continued real estate taxes and utilities, which they claim they would not have incurred had they been able to pursue their "full time RV" lifestyle. Furthermore, in two separate filings before the Cook County, Illinois Court, Plaintiffs state that the "total amount of relief sought exceeds $50,000." The Court finds that the total amount of the Plaintiffs' claims meets the jurisdictional amount and that jurisdiction is proper before this Court.

Winnebago first argues that Count I, which purports to state a claim for the breach of express warranty based on the inadequacy of repairs made to the motorhome, should be dismissed because under the Illinois Uniform Commercial Code does not consider a promise to repair and replace an express warranty. 810 ILCS § 5/2-313. Plaintiff puts forth a curious argument: that the Court is not obligated to follow an Illinois Court's decision regarding the Illinois Uniform Commercial Code because federal Courts are not required to follow state court interpretations of federal statutes. But 810 ILCS § 5/2-313, under which Plaintiff purports to bring Count I, is not a federal statute. Illinois law is clear: a warranty that promises only repair or replacement is not an U.C.C. "Express warranty." *See Voelker v. Porsche Cars North Am., Inc.*, 353 F.3d 516, 526-27 (7th Cir. 2003); *Cosman v. Ford Motor Co.*, 674 N.E.2d 61, 67 (Ill. App. Ct. 1996). The Winnebago Limited Warranty contains no affirmations of fact or promises about the Journey— it promises only the repair

or replacement of the warranted parts found to be defective at no charge. Count I therefore fails to state a claim and is DISMISSED as to both Defendants with prejudice.

Winnebago next argues that Counts II and IV, which purport to state claims for breaches of implied warranties under the U.C.C., should be dismissed because under Illinois law, implied warranties arise only between buyers and immediate sellers. Illinois law is clear: privity of contract with Winnebago is required for Howton to state an article II U.C.C. claim against Winnebago. *Voelker*, 353 F.3d at 525-26; *Rothe v. Maloney Cadillac, Inc.*, 518 N.E.2d 1028, 1029-30 (Ill. 1988). Plaintiff concedes that Count IV should be dismissed and makes no argument regarding Count II. Counts II and IV are therefore DISMISSED with prejudice as to Defendant Winnebago.

Winnebago also argues that Count VI, which purports to state a claim for a breach of an implied warranty under the Magnuson-Moss Act should be dismissed. The Magnuson-Moss Act defines an implied warranty as "an implied warranty arising under State law (as modified by sections 2308 and 2304(a) of this title) in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7). In other words, the Act directs federal courts to look to relevant Illinois law to determine whether an implied warranty was created. As noted earlier, Illinois courts require privity to establish a claim for a breach of an implied warranty. But Illinois Courts have also interpreted Section 2308 of the Magnuson-Moss Act to allow certain non-privity consumers to bring actions for breach of implied warranties under the Magnuson-Moss Act. *Szajna v. General Motors Corp.*, 115 Ill.2d 294, 503 N.E.2d 760 (1986); *Rothe*, 518 N.E.2d at 1030-31. While this Court is obligated to follow Illinois Supreme Court interpretations of Illinois law, it is not obligated to follow its interpretations of federal law. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 1276 (7th Cir.1997). And federal courts in this district have routinely rejected the interpretation of the Magnuson-Moss

3

Act established in *Szajna* and *Rothe*. *Owens v. Mitsubishi Motors Sales of Am., Inc.*, 2004 WL 2433353, *4 (N.D.Ill. Oct. 28, 2004); *Smith v. Monaco Coach Corp.*, 334 F.Supp.2d 1065, 1069 (N.D. Ill. 2004); *Kutzler v. Thor Indus. Inc.*, 2003 WL 21654260 (N.D.Ill. July 14, 2003); *Diamond v. Porsche Cars N. Am., Inc.*, 2002 WL 31155064 (N.D.Ill.2002); *Kowalke v. Bernard Chevrolet, Inc.*, 2000 WL 656660 (N.D.Ill.2000); *Larry J. Soldinger Assocs., Ltd. v. Aston Martin Lagonda of N. America, Inc.*, 1999 WL 756174 (N.D.Ill.1999); *but see Cohen v. AM Gen. Corp.*, 264 F.Supp.2d 616, 621 (N.D.Ill.2003). The Seventh Circuit has made clear that "§ 2308 and § 2304(a) do not modify, or discuss in any way, a state's ability to establish a privity requirement" and so the reasoning in *Szajna* and *Rothe* runs directly contrary to the Seventh Circuit's interpretation of the Magnuson-Moss Act. *Voelker*, 353 F.3d at 525. Consequently, the Court holds that when bringing a claim for a breach of an implied warranty under the Magnuson-Moss Act, a Plaintiff must establish privity. Therefore, Count VI is also DISMISSED with prejudice as to Defendant Winnebago.

Plaintiffs also raise a revocation of acceptance claim under the 810 ILCS 5/2-608. The language of Section 2-608 on its face contemplates that the remedy of revocation would be available against the seller, and not against a non-seller who manufactured the goods. 810 ILCS 5/2-608; *see also Kutzle v. Thor Industries, Inc.*, 2003 WL 21654260, *7 (N.D.Ill. July 14, 2003). Plaintiffs cite *Soldinger*, 1999 WL 756174, * 10-11, to suggest that it can press a Section 2-608 revocation of acceptance claim against a non-seller. But the Plaintiff in *Soldinger* raised both a Section 2-608 revocation of acceptance claim and a revocation of acceptance under Section 2310(d)(1) of the Magnuson-Moss Act. The Court in *Soldinger* held that the Plaintiff could press a revocation of acceptance claim against a non-seller under the Magnuson-Moss Act even in the absence of privity, but it made no such ruling regarding a revocation of acceptance claim under Section 2-608. Here

Plaintiffs do not press any revocation of acceptance claim under Magnuson-Moss—only one under the U.C.C.— and Illinois allows such claims only against the seller. Therefore Count III is DISMISSED with prejudice as to Defendant Winnebago.

Lastly, Plaintiffs raise two common law claims — one for breach of contract and one for recision. Winnebago argues, among other things, that the Section 2-102 of the U.C.C. displaces all other remedies. But Section 2-102 does not purport to displace any remedies. It instead provides a limitation of the scope of the U.C.C. 810 ILCS § 5/2-102. Section 1-103 states that unless displaced by particular provisions of the Code, principles of law and equity supplement the Code's provisions. 810 ILCS § 5/1-103. Winnebago, however, also points out that the same privity issues which doom Plaintiffs' implied warranty claims also doom any breach of contract claim against it. The Court agrees, and Count VII is DISMISSED with prejudice as to Defendant Winnebago. Winnebago also points out that recision is an equitable remedy, and not an independent cause of action. *Charles v. First Nat. Bank of Blue Island*, 763 N.E.2d 850, 853 (Ill. App. Ct. 2002). Therefore Count VIII is DISMISSED with prejudice as to both Defendants.

IT IS SO ORDERED.

\_\_\_6/13/05_____
Dated                                                    The Honorable William J. Hibbler
United States District Court